UNITED STATES DISTRICT COURT
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| TAMMY LEWIS | § § § | CASE NUMBER:   4:20-cv-4275 |
| V. | § § § | |
| LVNV FUNDING, LLC | § § § | **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1. Plaintiff Tammy Lewis ("Plaintiff" or "Ms. Lewis") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA.

2. Defendant, LVNV Funding (LVNV) attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Credit One Bank (Bank). The alleged obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

### JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.,* against Defendants for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692 and out of the invasions of Plaintiff's personal privacy by Defendants and their agents in their illegal efforts to collect a consumer debt.

1

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to the Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, emotional distress caused the Defendant's false communications to third parties regarding the status of her alleged debt.

8. Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## THE PARTIES

9. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

10. Defendant, LVNV, is a debt collector. Plaintiff believes Defendant to be headquartered in South Carolina and is in the business of collecting consumer debts in the Southern District of Texas, among other locations. The principal purpose of LVNV's business is the collection of consumer debts using the mail and telephone. LVNV regularly attempts to collect consumer debts for others. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Plaintiff, Tammy Lewis, is an individual who resides in Harris County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

12. Plaintiff, Tammy Lewis, received services, originally from Bank, for consumer purposes. The alleged debt is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

13. Plaintiff later experienced financial difficulty and, as a result, was forced to default on her debt.

14. Defendant claims to have later acquired the alleged debt after it had entered default.

15. Defendant began attempting to collect the full amount allegedly owed from Plaintiff, though collection letters and credit reporting.

16. Plaintiff subsequently reviewed her credit report and noticed that Defendant LVNV was reporting that she owed $568 on the alleged debt.

17. Plaintiff, not recognizing LVNV or the account, instructed her attorneys to notify LVNV that she disputed the debt and was represented by counsel.

18. On or about March 26, 2019, Plaintiff, through counsel, faxed a letter to Defendant notifying them that Plaintiff disputed the alleged debt and that she was represented by counsel. (Exhibit A, March 26, 2019 Dispute Letter).

19. The letter constituted a dispute regarding the debt, and that dispute was communicated to the Defendant, LVNV.

20. Defendants received the dispute letter shortly thereafter.

21. By April 1, 2019, Defendant knew or should have known that Plaintiff disputed the accuracy of the debt and was represented by counsel.

22. On or about September 2, 2020, Defendant communicated information regarding the alleged debt to the Experian consumer reporting agency.

23. Defendant LVNV communicated, *inter alia*, an account balance, an account number, and a date reported. (Exhibit B, Excerpt from Plaintiff's Experian Report).

24. Even though Plaintiff notified Defendant LVNV that she disputed the alleged debt, they failed to communicate that Plaintiff's alleged debt was disputed when they communicated other information to Experian regarding the alleged debt on or about September 2, 2020.

25. On or about September 2, 2020, Defendant communicated information regarding the alleged debt to the TransUnion consumer reporting agency.

26. Defendant LVNV communicated, *inter alia*, an account balance, an account number, and a date reported. (Exhibit C, Excerpt from Plaintiff's TransUnion Report).

27. Even though Plaintiff notified Defendant LVNV that she disputed the alleged debt, they failed to communicate that Plaintiff's alleged debt was disputed when they communicated other information to TransUnion regarding the alleged debt on or about September 2, 2020.

28. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

29. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008)

30. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, anxiety and embarrassment, for which Plaintiff should be compensated in an amount to be proven at trial.

31. 15 U.S.C. § 1692e of the FDCPA also provides as follows:

**False or misleading representations**
**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**. . . (8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

32. By April 1, 2019, Defendant knew, or should have known, that Plaintiff had disputed the alleged debt because Defendant received the dispute and reviewed it.

33. Even though Defendant knew or should have known, prior to April 15, 2019, that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about Plaintiff to the Experian consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

34. Even though Defendant knew or should have known, prior to April 15, 2019, that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about Plaintiff to the TransUnion consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

35. The failure to mark a disputed debt as disputed will cause harm to a consumer and influence their actions regarding the debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("Put simply, the failure to inform a credit reporting agency that

the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score.").

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

37. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Respondeat Superior Liability

38. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

39. The acts by the Defendant and their agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

40. By committing these acts against Plaintiff, these agents of the Defendant were motivated to benefit their principal, the Defendant.

41. Defendant are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

## COUNT I
## Violations of the FDCPA

42. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

6

      a. Defendant failed to communicate the fact of Plaintiff's dispute to the Experian consumer reporting agency when communicating other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

      b. Defendant failed to communicate the fact of Plaintiff's dispute to the TransUnion consumer reporting agency when communicating other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

    43. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## PRAYER FOR RELIEF

Plaintiff, Tammy Lewis, prays that this Court:

    A. Declare that Defendant's debt collections practices violated the FDCPA;

    B. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a);

    C. Grant such further relief as deemed just.

Respectfully submitted,
s/ Daniel J. Ciment
Daniel J. Ciment
Texas Bar No. 24042581
CIMENT LAW FIRM, PLLC
24275 Katy Freeway, Suite 400
Katy, Texas 77494
Telephone: (833)663-3289
Facsimile: (855)855-9830
Daniel@CimentLawFirm.com